## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| | : | |
| ISAIAH FONTAN | : | |
| 1434 1st Avenue, Apt. 1 | : | |
| York, PA 17403       : | | JURY DEMANDED |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | No. |
| COMCAST CABLE | : | |
| COMMUNICATIONS, INC. | : | |
| 1500 Market Street | : | |
| Philadelphia, PA 19102 | : | |
| | : | |
| Defendants | : | |

## CIVIL ACTION COMPLAINT

**I. Parties and Reasons for Jurisdiction.**

1.     Plaintiff, ISAIAH FONTAN (hereinafter "Plaintiff") is an adult individual residing at the above address.

2.     Defendant, COMCAST CABLE COMMUNICATIONS, INC. (hereinafter "Defendant") is a business corporation organized by and operating under the laws of the Commonwealth of Pennsylvania and having a corporate headquarters at the above captioned address

3.     At all times material hereto, Defendant qualified as Plaintiff's employer pursuant to the Americans with Disabilities Act, the Pennsylvania Human Relations Act and as defined under Pennsylvania common law.

4.     This action is instituted pursuant to the Americans with Disabilities Act and the Pennsylvania Human Relations Act.

5.     Jurisdiction is conferred by 28 U.S.C. §§ 1331 and 1343.

6.      Supplemental jurisdiction over the Plaintiff's state law claim is conferred pursuant to 28 U.S.C. § 1367.

7.      Plaintiff has exhausted his administrative remedies prior to bringing this civil rights claim.  [Exh. A.]

8.      Pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), venue is properly laid in this district because Defendant conducts business in this district, and because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district. Plaintiff was working in the Middle District of Pennsylvania at the time of the illegal actions by Defendant as set forth herein.

## II.  Operative Facts.

9.      On or about June 25, 2012, Defendant hired Plaintiff as a customer account executive working from its location at 221 West Philadelphia Street, York, Pennsylvania, 17401.

10.     During Plaintiff's employment, he was ultimately promoted to the position of Customer Account Executive 3, the position he held at the time of his termination.

11.     At all times material to his complaint, Plaintiff is diagnosed with anxiety, depression, agoraphobia, and a panic disorder.

12.     Beginning in 2017, Plaintiff applied and was approved for intermittent FMLA which allowed him to take time off from work when he experienced worsening of his symptoms or to attend doctor's appointments.

13.     Plaintiff utilized this intermittent FMLA approximately two (2) times per month, taking off approximately three (3) to four (4) days each time.

14.     Defendant and its third-party leave administrator, Sedgwick, required Plaintiff to be recertified every six (6) months to continue his intermittent medical leave in this fashion.

15.     Plaintiff always complied with Defendant and Sedgwick's requests with respect to suppling medical documentation and certification documentation.

16.     On February 13, 2019, Dr. Chris Wyatt, Plaintiff's physician completed Plaintiff's FMLA certification for continuing intermittent medical leave.

17.     This certification noted that if Plaintiff was allowed to work from home, he would likely not require as much time off, as his symptoms were exacerbated by working in the office.

18.     A representative from Sedgwick subsequently emailed Plaintiff and indicated his position could not be performed remotely, and as such he was being replaced.

19.     Plaintiff contacted Defendant and stated that because his work from home accommodation was being denied, he would return to work as usual at the end of his medical leave.

20.     When Plaintiff received no response, he reached out to Liona Abdulai from Sedgwick to express he would like to return to his original position, in Defendant's office, and would be doing so at his next scheduled work day, which was March 28, 2019.

21.     Following his return to work, Plaintiff required another medical leave due to a worsening of his medical condition.

22.     Plaintiff again submitted a physician certification and was approved for leave up to May 1, 2019, with intermittent leave thereafter for up to four (4) occurrences per month.

23.     However, his and his physician's request for work from home was again denied.

24.     On June 26, 2019, Plaintiff submitted another physician certification again requesting a work from home accommodation which would allow Plaintiff to continue to work.

25.     On July 17, 2019, following the submission of this certification, Plaintiff received notice from Defendant that there were "no reasonable accommodations" for Plaintiff, and Defendant would be terminating his employment on July 25, 2019.

26.     Defendant failed to reasonably accommodate Plaintiff's disability.

27.     Defendant failed to meaningfully engage in an interactive process towards the development of a reasonable accommodation for Plaintiff's disability.

28.     At all times material hereto, Defendant was hostile to Plaintiff's diagnosed medical condition and need to take medical leave, and terminated him as a result of that animus.

29.      As a direct and proximate result of Defendant's conduct in terminating Plaintiff, he sustained great economic loss, future lost earning capacity, lost opportunity, loss of future wages, as well emotional distress, humiliation, pain and suffering and other damages as set forth below.

## III.  Causes of Action.

### COUNT I– AMERICANS WITH DISABILITIES ACT
### (42 U.S.C.A. § 12101 et seq)
### (Plaintiff v. Defendants)

30.     Plaintiff incorporates paragraphs 1-29 as if fully set forth at length herein.

31.     At all times material hereto, and pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq., an employer may not discriminate against an employee based on a disability.

32.     Plaintiff is a qualified employee and person within the definition of Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq.

33.     Defendant is an "employer" and thereby subject to the strictures of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq.

34.     At all times material hereto, Plaintiff had a qualified disability, as described above.

35.     Defendant failed to accommodate or otherwise engage in a meaningful back and forth towards the development of a reasonable accommodation.

36.     Defendant's conduct in terminating Plaintiff is an adverse action, was taken as a result of his disability and constitutes a violation of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq,.

37.     As a proximate result of Defendant's conduct, Plaintiff sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, liquidated damages as well as emotional distress, mental anguish, humiliation, pain and suffering, consequential damages and Plaintiff has also sustained work loss, loss of opportunity, and a permanent diminution of his earning power and capacity and a claim is made therefore.

38.     As a result of the conduct of Defendant's owners/management, Plaintiff hereby demands punitive damages.

39.     Pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq Plaintiff demands attorneys fees and court costs.

## COUNT II—PENNSYLVANIA HUMAN RELATIONS ACT
### 43 Pa.C.S.A. §951, et seq.
### (Plaintiff v. Defendants)

40.     Plaintiff incorporates paragraphs 1-39 as if fully set forth at length herein.

41.     As set forth above, Plaintiff is a member of a protected class.

42.     Defendant failed to accommodate or otherwise engage in a meaningful back and forth towards the development of a reasonable accommodation.

43.     Defendant terminated Plaintiff's employment.

44.     As set forth above, a motivating factor in the decision to terminate Plaintiff's employment is Plaintiff's disability.

45.     As such, Defendant violated the Pennsylvania Human Relations Act, 43 Pa.C.S.A. §951, et seq.

46.     As a proximate result of Defendant's conduct, Plaintiff sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, as well as emotional distress, mental anguish, humiliation, pain and suffering, consequential damages and Plaintiff has also sustained work loss, loss of opportunity, and a permanent diminution of earning power and capacity and a claim is made therefore.

47.     As a result of the conduct of Defendant's owners/management, Plaintiff hereby demands punitive damages.

66.     Plaintiff demands attorneys' fees and court costs.

## IV.  Relief Requested.

**WHEREFORE,** Plaintiff, ISAIAH FONTAN demands judgment in his favor and against Defendant, COMCAST CABLE COMMUNICATIONS, INC., in an amount in excess of $150,000.00 together with:

A.   Compensatory damages, including but not limited to: back pay, front pay, past lost wages, future lost wages. Lost pay increases, lost pay incentives, lost opportunity, lost benefits, lost future earning capacity, injury to reputation, mental and emotional distress, pain and suffering;

B.  Punitive damages;

C.  Liquidated damages;

D.  Attorneys fees and costs of suit;

E.  Interest, delay damages; and,

F.  Any other further relief this Court deems just proper and equitable.

LAW OFFICES OF ERIC A. SHORE, P.C.

BY:_____

**GRAHAM F. BAIRD, ESQUIRE**
Two Penn Center
1500 JFK Boulevard,  Suite 1240
Philadelphia, PA 19102

Attorney for Plaintiff, Isaiah Fontan

Date:__9/2/2020__

# EXH. A

EEOC Form 161-B (11/16)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

| | |
|---|---|
| To:  **Isaiah Fontan**<br>**1434 1st Avenue, Apartment 1**<br>**York, PA 17403** | From:  **Philadelphia District Office**<br>**801 Market Street**<br>**Suite 1000**<br>**Philadelphia, PA 19107** |

☐  *On behalf of person(s) aggrieved whose identity is*
*CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **530-2020-01543** | **Legal Unit,**<br>**Legal Technician** | **(267) 589-9700** |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge.  It has been issued at your request.  Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court <u>WITHIN 90 DAYS</u> of your receipt of this notice**; or your right to sue based on this charge will be lost.  (The time limit for filing suit based on a claim under state law may be different.)

☐   More than 180 days have passed since the filing of this charge.

☒   Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

☒   The EEOC is terminating its processing of this charge.

☐   The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge.  In this regard, **the paragraph marked below applies to your case:**

☐   The EEOC is closing your case.  Therefore, your lawsuit under the ADEA **must be filed in federal or state court <u>WITHIN 90 DAYS</u> of your receipt of this Notice.**  Otherwise, your right to sue based on the above-numbered charge will be lost.

☐   The EEOC is continuing its handling of your ADEA case.  However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):**  You already have the right to sue under the EPA (filing an EEOC charge is not required.)  EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment.  This means that **backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.**

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

Enclosures(s)

*Jamie R. Williamson,*
**Jamie R. Williamson,**
**District Director**

**June 8, 2020**
*(Date Mailed)*

cc:   **COMCAST CABLE COMMUNICATIONS, INC.**
**Benjamin Mann, Esq. (for Respondent)**
**Counsel**
**One Comcast Center, Legal Department**
**1701 John F. Kennedy Boulevard**
**Philadelphia, PA 19103**

**Graham F. Baird, Esq. (for Charging Party)**
**LAW OFFICE OF ERIC SHORE**
**2 Penn Center**
**1500 Jfk Blvd., Suite 1240**
**Philadelphia, PA 19102**

Enclosure with EEOC
Form 161-B (11/16)

## INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.*
*If you also plan to sue claiming violations of State law, please be aware that time limits and other*
*provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS   --   Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA),
the Genetic Information Nondiscrimination Act (GINA), or the Age
Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within
90 days** of the date you *receive* this Notice.  Therefore, you should **keep a record of this date**.  Once this 90-
day period is over, your right to sue based on the charge referred to in this Notice will be lost.  If you intend to
consult an attorney, you should do so promptly.  Give your attorney a copy of this Notice, and its envelope, and tell
him or her the date you received it.  Furthermore, in order to avoid any question that you did not act in a timely
manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *mailed* to you** (as
indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction.  (Usually, the appropriate
State court is the general civil trial court.)  Whether you file in Federal or State court is a matter for you to decide
after talking to your attorney.  Filing this Notice is not enough.  You must file a "complaint" that contains a short
statement of the facts of your case which shows that you are entitled to relief.  Courts often require that a copy of
your charge must be attached to the complaint you file in court.  If so, you should remove your birth date from the
charge.  Some courts will not accept your complaint where the charge includes a date of birth.  Your suit may include
any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters
alleged in the charge.  Generally, suits are brought in the State where the alleged unlawful practice occurred, but in
some cases can be brought where relevant employment records are kept, where the employment would have
been, or where the respondent has its main office.  If you have simple questions, you usually can get answers from
the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint
or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS   --   Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back
pay due for violations that occurred **more than 2 years (3 years) before you file suit** may not be collectible.  For
example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit
before 7/1/10 – *not* 12/1/10 -- in order to recover unpaid wages due for July 2008.  This time limit for filing an EPA
suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above.
Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA
claim, suit must be filed within 90 days of this Notice and within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION   --   Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction
in your case may, in limited circumstances, assist you in obtaining a lawyer.  Requests for such assistance must be
made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your
efforts to retain an attorney).  Requests should be made well before the end of the 90-day period mentioned above,
because such requests do not relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE   --   All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any
questions about your legal rights, including advice on which U.S. District Court can hear your case.  If you need to
inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide
your charge number (as shown on your Notice).  While EEOC destroys charge files after a certain time, all charge files
are kept for at least 6 months after our last action on the case.  Therefore, if you file suit and want to review the charge
file, **please make your review request within 6 months of this Notice**.  (Before filing suit, any request should be
made within the next 90 days.)

***IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.***

**NOTICE OF RIGHTS UNDER THE ADA AMENDMENTS ACT OF 2008 (ADAAA):**   The ADA was amended, effective January 1, 2009, to broaden the definitions of disability to make it easier for individuals to be covered under the ADA/ADAAA. A disability is still defined as (1) a physical or mental impairment that substantially limits one or more major life activities (actual disability); (2) a record of a substantially limiting impairment; or (3) being regarded as having a disability.  *However, these terms are redefined, and it is easier to be covered under the new law.*

**If you plan to retain an attorney to assist you with your ADA claim, we recommend that you share this information with your attorney and suggest that he or she consult the amended regulations and appendix,          and          other          ADA          related          publications,          available          at http://www.eeoc.gov/laws/types/disability_regulations.cfm.**

**"Actual" disability or a "record of" a disability (note: if you are pursuing a failure to accommodate claim you must meet the standards for either "actual" or "record of" a disability):**

➢ **The limitations from the impairment no longer have to be severe or significant** for the impairment to be considered substantially limiting.
➢ In addition to activities such as performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, thinking, concentrating, reading, bending, and communicating (more examples at 29 C.F.R. § 1630.2(i)),  **"major life activities"  now include the operation of major bodily functions**, such as: functions of the immune system, special sense organs and skin; normal cell growth; and digestive, genitourinary, bowel, bladder, neurological, brain, respiratory, circulatory, cardiovascular, endocrine, hemic, lymphatic, musculoskeletal, and reproductive functions; or the operation of an individual organ within a body system**.**
➢ **Only one** major life activity need be substantially limited.
➢ With the exception of ordinary eyeglasses or contact lenses, **the beneficial effects of "mitigating measures"** (e.g., hearing aid, prosthesis, medication, therapy, behavioral modifications) **are not considered** in determining if the impairment substantially limits a major life activity.
➢ An impairment that is **"episodic"** (e.g., epilepsy, depression, multiple sclerosis) or "**in remission**" (e.g., cancer) is a disability if it **would be substantially limiting when active**.
➢ An impairment **may be substantially limiting even though** it lasts or is expected to last **fewer than six months**.

**"Regarded as" coverage:**
➢ An individual can meet the definition of disability if an **employment action was taken because of an actual or perceived impairment** (e.g., refusal to hire, demotion, placement on involuntary leave, termination, exclusion for failure to meet a qualification standard, harassment, or denial of any other term, condition, or privilege of employment).
➢ "Regarded as" coverage under the ADAAA no longer requires that an impairment be substantially limiting, or that the employer perceives the impairment to be substantially limiting.
➢ The employer has a defense against a "regarded as" claim only when the impairment at issue is objectively *BOTH* transitory (lasting or expected to last six months or less) *AND* minor.
➢ A person is not able to bring a failure to accommodate claim *if* the individual is covered only under the "regarded as" definition of "disability."

*Note:  Although the amended ADA states that the definition of disability "shall be construed broadly" and "should not demand extensive analysis," some courts require specificity in the complaint explaining how an impairment substantially limits a major life activity or what facts indicate the challenged employment action was because of the impairment.  Beyond the initial pleading stage, some courts will require specific evidence to establish disability.*  For more information, consult the amended regulations and appendix, as well as explanatory publications, available at http://www.eeoc.gov/laws/types/disability_regulations.cfm.